UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
OCT 30 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Antwon Walls )
)
v. )
)
Glass Mountain Capital LLC )

1:25-cv-13276
Judge Mary M. Rowland
Magistrate Jeffrey T. Gilbert
RANDOM / Cat. 2

### NATURE OF ACTION

This action arises under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii), for Defendant's repeated, unauthorized, unsolicited, and automated calls to Plaintiff's cellular phone without prior express consent. Defendant's calls were made using an automated telephone dialing system ("ATDS") and/or other technology capable of dialing stored telephone numbers. Defendant's actions were willful and knowing, with each call intruding upon Plaintiff's privacy, causing nuisance, and interfering with the use and enjoyment of his cellular phone.

### JURISDICTION AND VENUE

This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the TCPA, a federal statute. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred within this District.

### PARTIES

Plaintiff Antwon Walls is a resident of 819 S Miller St #B, Chicago, IL 60607, and defendant Glass Mountain LLC is a debt collector operating at 1375 E Woodfield Rd, Ste 400, Schaumburg, IL 60173-5426. Defendant engages in debt collection practices, including calls

made to plaintiff via automated dialing systems and/or other capable technology to make unsolicited contact to consumers' phones.

## BACKGROUND

Beginning on February 1, 2024, and continuing through February 9, 2024, Defendant willfully and knowingly made unsolicited calls to Plaintiff's cellular phone using an ATDS and/or other device without prior express consent. The calls included voicemails with brief static before being disconnected, demonstrating use of automated dialing technology. Plaintiff did not provide consent to Defendant, nor had any prior dealings or relationship with Defendant. These calls qualify as violations of 47 U.S.C. §227(b)(1)(A)(iii).

## STATEMENT OF HARM AND STANDING

Plaintiff has suffered concrete and particularized injuries as a result of Defendant's conduct. Each call intruded upon Plaintiff's privacy, disrupted the use and enjoyment of his cellular phone, and caused annoyance and nuisance. Defendant's repeated use of automated dialing systems and/or other means demonstrates willfulness and knowledge of its obligations under the TCPA.

## LEGAL FRAMEWORK AND AUTHORITIES

I.  Under 47 U.S.C. § 227(b)(1)(A)(iii), the TCPA prohibits the use of an ATDS to call or send text messages to a cellular phone without prior express consent. Court have consistently held that even text messages delivered by such systems count as "calls."

II. Under the FDCPA (15 U.S.C. §1692 et seq.), debt collectors must identify themselves, disclose their purpose, and refrain from false, misleading, or harassing communications. Section 807(11) of the FDCPA prohibits failure to disclose in initial and subsequent communications that the communication is from a debt collector.

III. *Susinno v. Work Out World* Inc., 862 F.3d 346 (3d Cir. 2017), held that even a single pre-recorded call to a cell phone constitutes a concrete injury to privacy interests, even if the call does not result in a charge to the recipient.

IV. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), clarified that TCPA prohibitions apply regardless of whether the called party is charged for the call

V. Congress has granted the FCC discretion to exempt such calls only by rulemaking under § 227(b)(2)(C)—which it has not done.

VI. The ATDS definition is broad. *Marks v. Crunch San Diego,* 904 F.3d 1041 (9th Cir. 2018), held that an ATDS includes equipment that can automatically dial stored numbers, even if it does not use a random or sequential number generator or randomly dial numbers.

VII. The Seventh Circuit has recognized that unwanted calls and text messages invade privacy and cause nuisance, both of which qualify as concrete harm under Article III. See *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020).

VIII. Common law has long recognized actions for invasion of privacy through intrusion upon seclusion, including repeated unwanted telephone calls. See *Restatement (Second) of Torts § 652B (Am. Law Inst. 1977);* see also *Carey v. Statewide Fin. Co.*, 223 A.2d 405 (Conn. Cir. Ct. 1966); see also *Housh v. Peth,* 133 N.E.2d 340 (Ohio 1956).

IX. Defendant's conduct falls squarely within these principles, as the repeated misdirected calls to Plaintiff's personal cellular phone intruded upon his seclusion and disrupted his peace of mind.

**WILLFULNESS AND KNOWLEDGE**

Defendant's repeated calls reflect deliberate use of automated dialing systems. Despite the lack of consent and no prior relationship with Plaintiff, Defendant persisted in contacting Plaintiff over multiple days. This demonstrates knowing and intentional violations of the TCPA under 47 U.S.C. §227(b)(1)(A)(iii), justifying treble damages of $1,500 per violation.

## CLAIM FOR RELIEF

Each unsolicited call constitutes a separate violation of the TCPA. Plaintiff seeks statutory damages of $500 per violation, trebled to $1,500 per willful and knowing violation under 47 U.S.C. §227(b)(1)(A)(iii). Total damages claimed: $3,000. Plaintiff further seeks injunctive relief prohibiting Defendant from placing additional calls to his cellular phone.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award $3,000 in total statutory damages for each violation of the TCPA, which includes treble damages for willful and knowing misconduct;

b. Grant injunctive relief prohibiting further unsolicited calls to Plaintiff's cellular number;

c. Award costs any other relief this Court deems just and proper.

Respectfully submitted,
Antwon Walls
819 S Miller St #B
Chicago, IL 60607
Plaintiff, Pro Se